(92 App. Div. 116.)

### PEOPLE ex rel. NEW YORK REALTY CORPORATION v. MILLER, State Comptroller.

(Supreme Court, Appellate Division, Third Department.    March 2, 1904.)

1. CERTIORARI—RETURN—FRANCHISE TAX—ADJUSTMENT.

Under Laws 1896, p. 864, c. 908, § 196, providing that the Comptroller shall return on certiorari to review his determination, on the levy of a franchise tax, the accounts and all evidence before him on the application, and all the papers and proofs on the original statement of the account, and all proceedings thereon, a writ commanding the Comptroller to return the grounds of his refusal to revise a franchise tax imposed on relator is unauthorized.

2. SAME—DEFAULT—AMENDMENT—WAIVER.

In a proceeding to review by certiorari a determination of the Comptroller in refusing to revise a franchise tax, the Comptroller, by failing to appear on the return day of the motion for the writ, does not waive his right to move to amend the command by striking a provision directing him to return the grounds of his refusal, but the court should require him to excuse his default before hearing him on the motion.

3. SAME—UNLAWFUL RELIEF.

Under Gen. Prac. Rule 37, providing, with respect to motions, that on default the relief asked may be granted unless the court shall otherwise direct, the court is not bound to grant unlawful relief, but it is incumbent on the opposite party, on receiving notice of a motion, to advise the court that the relief prayed was unlawful.

Appeal from Special Term, Albany County.

Certiorari by the people, on the relation of the New York Realty Corporation, against Nathan L. Miller, Comptroller of the State of New York, to review a determination in refusing to revise and adjust a franchise tax imposed on the relator. From an order denying the Comptroller's motion to amend the writ of certiorari, he appeals. Affirmed.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

John Cunneen, Atty. Gen., and William H. Wood, Dep. Atty. Gen., for appellant.

Edward F. Clark, for respondent.

CHESTER, J. The order appealed from was made in a proceeding to review a determination of the Comptroller in refusing to revise and readjust a franchise tax imposed upon the relator. By it the appellant's motion to amend the writ of certiorari granted herein by striking from the command thereof the words, "and the grounds for your

refusal to revise and readjust the same in the manner and as requested by said New York Realty Corporation," was denied. The motion for the writ was made upon notice to the Comptroller, who failed to appear upon the return day of the notice. The prayer for relief contained in the petition included a prayer that the Comptroller be directed to return the ground of his refusal to revise and readjust the tax, and that requirement was included in the writ as issued.

The tax law provides, with respect to the review of the determination of the Comptroller by certiorari, that "for the purpose of such review the Comptroller shall return on such certiorari the accounts and all the evidence before him on such application and all the papers and proofs upon the original statement of such account and all proceedings thereon." Laws 1896, p. 864, c. 908, § 196. The statute nowhere authorizes or requires the Comptroller to return the grounds of his refusal to revise or readjust the account for taxes. This court held, under section 252 of the tax law, in a case where a writ of certiorari commanded more than the statute required to be returned, that such command should be stricken out upon motion, as being unauthorized. People ex rel. Buffalo Gas Co. v. Commissioners, 55 App. Div. 186, 67 N. Y. Supp. 51. So, it was held by the old General Term in the First Department, that a board of assessors could not be required to return the methods by which they have arrived at a conclusion in determining the amount of damages sustained by property owners by reason of a change of grade pursuant to chapter 729, p. 1726, Laws 1872. People ex rel. Heiser v. Gilon (Sup.) 22 N. Y. Supp. 238. The same principle applies here, for this writ clearly requires the Comptroller to return more than the law, under which the proceedings to review were instituted, authorizes or requires him to return, and to that extent is unlawful.

The relator insists, however, that because the Comptroller did not appear upon the return day of the motion for the writ he has waived the right to move to amend it. It is true that the ordinary rule is that where a party makes a default in appearing the court may grant the relief prayed for. Indeed, rule 37 of the general rules of practice expressly so provides with respect to motions. But the same rule also provides that upon default the relief asked for may be granted "unless the court shall otherwise direct." The court, therefore, was not bound, in such a case, to grant the relief simply because it was asked for. Where a moving party in his papers asks the court to grant unlawful relief, it would not, even on default, grant such relief, if it had any knowledge or intimation that it was unlawful, but it would "otherwise direct," and would confine itself to the exercise of lawful power. It was fairly incumbent upon the appellant in this case, when he received the relator's notice of motion, to advise the court that the moving party was asking for more than it was lawfully entitled to, and thus save the court from being led by the other side into granting unlawful relief. The appellant not having done so, and not having made any attempt whatever to excuse his default, we think the court was justified, for these reasons, in denying his motion to amend the writ. We think, however, that by simply failing to appear he did not waive his right to move to amend by striking out from the writ the provision

which the relator ought not to have asked the court to insert; but the appellant by his default having practically permitted, or at least not prevented, the insertion of such a provision, if the court is to enforce observance of the usual and orderly methods of practice it should first require him to excuse his default before hearing him upon his motion to strike out.

The order appealed from should be affirmed, with $10 costs and disbursements, with leave to the appellant to renew his motion to the Special Term on excusing his default. All concur.